**In re A.H. ROBINS COMPANY, INC., Debtor, Employer's Tax Identification No. 54–0486348.**

**In re Thomas J. BRANDI.**

**Bankruptcy No. 85–01307–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Aug. 12, 1997.

Thomas J. Brandi, Law Offices of Thomas J. Brandi, San Francisco, CA, for Movant.

Orran Lee Brown, Richmond, VA, for Dalkon Shield Claimants Trust.

*MEMORANDUM*

ROBERT R. MERHIGE, Jr., Senior District Judge.

This matter is before the Court on the Motion of Thomas J. Brandi ("Brandi") For Reinstatement Of Attorneys Fees. The Dalkon Shield Claimants Trust (the "Trust") takes no position with respect to Brandi's motion. For the reasons which follow, the Court will deny the motion.

I.

On March 1, 1995, this Court entered an Order Disallowing Unreasonable Attorneys Fees on Pro Rata Distribution (the "March 1 Order"). Paragraph 2 of that Order prohibits counsel for Dalkon Shield personal injury claimants from "charging or receiving, direct-

ly or indirectly, any compensation or fees, based upon or out of any pro rata distribution received by a Dalkon Shield Personal Injury Claimant from the Trust . . . in excess of ten percent of such pro rata distribution." This Court rejected all challenges to its jurisdiction to enter the March 1 Order. That ruling was unanimously affirmed by the Court of Appeals for the Fourth Circuit. *In re A.H. Robins Co.*, 182 B.R. 128 (Bankr. E.D.Va.1995), *aff'd*, 86 F.3d 364 (4th Cir. 1996).[1]

The March 1 Order also prescribed a procedure to be followed by any attorneys or firms who objected to the disallowance and wished the Court to consider reinstating fees above the ten percent limit. The procedure included the requirement that such motions to reinstate fees be filed with the Court no later than April 17, 1995. The Order gave notice of the opportunity for argument and an evidentiary hearing before the Court. On April 28, 1995, Brandi, by counsel, appeared before the Court and presented evidence in support of his Motion To Reinstate Fees.[2] However, having stayed entirely the proceedings on all of the individual motions to reinstate fees during the pendency of the appeal, this Court never addressed the merits of Brandi's Motion.

Following the unsuccessful appeal to the Fourth Circuit, this Court entered an Order dated September 17, 1996 addressing the sixty-two motions to reinstate fees still pending before the Court. That Order directed certain movants to file by November 1, 1996 their proposed findings of fact and conclusions of law in support of their motions to reinstate fees. Brandi made a timely submission and the matter is now ripe for disposition.

## II.

Brandi is an attorney from San Francisco, California who has represented over 300 Dalkon Shield claimants over the past fourteen years. As of the date of the April 28 hearing, Brandi's firm represented 207 claimants. Brandi's firm represented Dalkon Shield clients both before and after A.H. Robins initiated Chapter 11 bankruptcy proceedings in 1985.[3] Clients who retained Brandi prior to the bankruptcy signed one-third contingency fee contracts. Clients who retained Brandi after the bankruptcy, however, signed twenty-five percent contingency fee contracts.[4] Under either fee structure, Brandi's fee is taken from the client's net recovery; that is, costs are first deducted from the recovery, and the fee is then calculated from the reduced amount.

Brandi claims that his firm performed many other activities, without charge, which benefited Dalkon Shield claimants who were not his clients. For example, Reuvekamp testified that she personally assisted over fifty unrepresented claimants, free of charge, and gave them advice regarding their claims. Additionally, both she and Brandi appeared before the California legislature in support of a bill which eventually was signed into law which eliminated the statute of limitations as a defense in California. Finally, Brandi's firm assisted claimants in applying for funds

---

**1.** On October 20, 1995, the Court further directed all persons representing claimants receiving the December 1995 60% advance pro rata installment to send "forthwith" to each claimant "at least ninety percent of the amount of such installment." (the "No Escrow/No Costs Order"). That Order prohibited lawyers from escrowing or retaining any more than ten percent of the installment "as attorneys fees or other charges." Subsequently, the Fourth Circuit denied a Motion to Permit Escrow of Disputed Funds filed by several lawyers seeking reversal of the No Escrow/No Costs Order. *In re Paul W. Bergstrom, et al.*, 86 F.3d 364; *In re H. Philip Grossman & James F. Szaller*, Case No. 95–2611 (4th Cir. Nov. 16, 1995). On February 12, 1996, this Court entered a third Order, clarifying that the prohibition on escrow and retention of sums in the No Escrow/No Costs Order applied to all 60% pro rata

payments made by the Trust after the December 1995 distribution.

**2.** Mylene L. Reuvekamp ("Reuvekamp"), an associate of Brandi, appeared at the April 28 hearing and testified on behalf of the law firm.

**3.** The Court also notes that as a result of Brandi's extensive involvement in this case, this Court appointed Brandi to the original claimants committee, which was later dissolved in 1986.

**4.** Reuvekamp testified that approximately 100 of the firm's 207 clients have one-third fee contracts, and that the remainder, approximately 107 clients, have twenty-five percent fee contracts.

from the Trust's in vitro fertilization program, and also negotiated with various lien holders and insurance companies, who sought to recover a portion of the medical expenses they had paid. Again, the costs associated with these activities were not directly charged to any client.

This is not to say, however, that Brandi was not compensated for his Dalkon Shield-related work. On the contrary, Reuvekamp estimated that the Brandi firm earned approximately $1,000,000 in fees after payment of costs, despite the fact that as of the April 28 hearing, the firm had yet to take a case to trial.

### III.

The Court recognizes that Brandi, like many other attorneys, has made a considerable effort on behalf of his Dalkon Shield clients over the course of these proceedings. Nevertheless, Brandi's protracted involvement in this case does not, standing alone, constitute the type of "extenuating circumstances" necessary for him to be entitled to a fee of more than ten percent from the pro rata. *See In re A.H. Robins Co. (Stan L. Linker)*, 211 B.R. 533 (E.D.Va. 1997); *In re A.H. Robins Co. (Henri E. Norris)*, 205 B.R. 771, 773 (E.D.Va.1997). This is because when the Court considers pro rata fees, the Court's focus is not on an attorney's efforts on the underlying claim, but on the efforts required for the client to receive the pro rata payment. *Robins*, 182 B.R. at 135.[5] The fact that Brandi may have, as compared to other Dalkon Shield attorneys, expended more resources in obtaining the maximum settlement for his clients does not entitle him to charge a higher fee for the purely ministerial task of forwarding his clients their pro rata distributions. Furthermore, with respect to the services that Brandi provided for claimants who were not his clients, the Court is not satisfied that these occasional and voluntary acts constitute the extenuating circumstances required for him to be entitled to a fee of more than ten percent. *See Robins (Henri E. Norris)*, 205 B.R. at 773.

In short, Brandi has failed to present the type of extraordinary case or extenuating circumstances that would justify relief from the Court's March 1, 1985 Order. In the absence of such a showing, a ten percent fee is "not only reasonable, but overly generous." *Robins*, 86 F.3d at 377. Brandi's motion for reinstatement of fees will be denied.

An appropriate Order shall enter.

---

**5.** *See also Robins (Henri E. Norris)*, 205 B.R. at 773; *Robins (Stan L. Linker)*, 211 B.R. at 536 & n. 5; *In re Robins (Cashman & Partners)*, 211 B.R. 536 (E.D.Va.1997).